UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

---

THOMAS J. JUST,

        Plaintiff,

        v.                                                  Case No. 09-C-0181

ACCU-TURN, INC.,

        Defendant.

TRAVELERS INDEMNITY COMPANY
OF AMERICA,

        Intervenor.

---

DECISION AND ORDER GRANTING TRAVELERS' MOTION FOR SUMMARY
JUDGMENT (DOC. 24) AND SETTING STATUS CONFERENCE

After Thomas Just's employment was terminated by Accu-Turn, he filed this lawsuit alleging that Accu-Turn failed to provide to him requisite Consolidated Omnibus Budget Reconciliation Act ("COBRA") notices and failed to accept payment for his insurance premium. The court granted Travelers Indemnity Company of America's motion to intervene, and bifurcated the case to resolve the issue of coverage. Travelers then moved for summary judgment asking the court to declare that there is no liability coverage because there is no duty to indemnify, and, therefore, no duty to defend exists. Because the court finds that the ERISA exclusion applies, Travelers' motion will be granted and this case will be set for a status conference.

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that

there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Anderson v. Liberty Lobby,* Inc., 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). Material facts are those facts that under the applicable substantive law "might affect the outcome of the suit." *See Anderson*, 477 U.S. at 248. A dispute over "material facts" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* A genuine issue of material fact is not shown by "the mere existence of some alleged factual dispute between the parties." *Id.*, 477 U.S. at 247. Rather, a genuine issue of material fact exists only if "a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Id.*, 477 U.S. at 252. In determining whether a genuine issue of material fact exists, the court must consider the evidence and all reasonable inferences in the light most favorable to the nonmoving party. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., Ltd.*, 475 U.S. 574, 587 (1986).

FINDINGS OF FACT

Plaintiff Thomas J. Just resides at 18929 52nd Road, Union Grove, Wisconsin, 53182. Defendant Accu-Turn, a Wisconsin corporation, is located at 1375 Industrial Park Drive, Union Grove, Wisconsin, 53182-0036. Defendant Travelers Indemnity Company is a foreign insurance company having a principal place of business in Hartford, Connecticut. (Compl. ¶ 2.)

Just worked for Accu-Turn from January 2, 1987, until his termination on May 30, 2008. (Compl. ¶¶ 5, 8.) Accu-Turn sent Just a "Continuation Coverage Election Notice" informing him of his right to continue his Plan coverage and the notice contained a due date for receipt of premiums. (Compl. ¶ 11.) Just did not mail his August payment to

Accu-Turn by the due date listed on the "Continuation of Coverage Election Notice." (Compl. ¶¶ 12-13.) Accu-Turn returned Just's August payment and instructed its insurance carrier to terminate Just's coverage because his payment was not received by the due date on the "Continuation Coverage Election Notice" that it had sent to Just. (Compl. ¶ 14.)

Just claims he suffered monetary damages as a result of Accu-Turn's decision to cancel coverage or "refusal to accept [his] August payment." (Compl. ¶¶ 15, 21.) He further alleges Accu-Turn violated COBRA and ERISA because its Plan Administrator did not provide an initial notice regarding COBRA rights or a COBRA election notice on a timely basis. (Compl. ¶¶ 28-31.) The complaint identifies the following causes of action: claim for benefits or to enforce rights under the plan, claim for statutory penalties - failure to provide initial COBRA notice; and claim for statutory penalties - failure to provide notice of right to elect COBRA coverage. (Compl. at ¶¶ 16-31.)

Travelers issued an Employee Benefits Liability Policy of Insurance (EBL) to Accu-Turn pursuant to Policy Number 1-680-9889C070-TIA-08, effective April 1, 2008, to April 1, 2009. (Compl. For Decl. Judgment at ¶ 9.) Travelers' EBL policy contains the following Insuring Agreement:

> **SECTION I - EMPLOYEE BENEFITS LIABILITY COVERAGE**
>
> **1. Insuring Agreement**
>
> a. We will pay those sums that the insured becomes legally obligated to pay as damages because of any negligent act, error, or omission of the insured, or of any other person for whose acts the insured is legally liable. The negligent act, error, or omission must be committed in the "administration" of your "employee benefit program." No other obligation or liability to pay sums or perform acts or services is covered unless expressly provided for under SUPPLEMENTARY PAYMENTS. This insurance does not apply to any negligent act,

3

> error, or omission which occurred before the Retroactive Date, if any, shown in the Declarations or which occurs after the policy expires ....

> \*\*\*

> b. This insurance applies to any negligent act, error or omission of the insured, but only if a claim for damages because of the negligent act, error or omission is first made against any insured during the policy period.

(Policy at Employee Benefits Liability Coverage Form, Doc. Nos. 15-2-15-3.)

The policy further provides that "[n]o other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments. (*Id.*)

The policy defines "Administration" as:

> a. Counseling employees, including their dependents and beneficiaries, with respect to the "employee benefit program";
>
> b. Handling records in connection with the "employee benefit program"; or
>
> c. Effecting or terminating any employee's participation in a plan included in the "employee benefit program."

(*Id.* at Section VII - Definitions at (1)).

"Employee Benefit Program" includes the following plans:

> a. Group life insurance, group accident or health insurance, "profit sharing plans," pension plans and "Stock subscription plans," provided that no one other than the employee may subscribe to such insurance or plans;
>
> b. Unemployment insurance, social security benefits, workers' compensation and disability benefits;
>
> c. Any other similar plan designated in the Declaration or added thereto by endorsement. (*Id.* at (5).)

The policy contains the following exclusion:

4

**2. Exclusions**

This insurance does not apply to:

g. Loss for which the insured is liable because of liability imposed on a fiduciary by the Employee Retirement Security Act (ERISA) of 1974, as now or hereafter amended.

(*Id.* at Exclusions (2)(g)).

CONCLUSIONS OF LAW

The construction of an insurance policy is amenable to summary judgment because it presents a question of law. *Rhein Bldg. Co. v. Gehrt*, 21 F. Supp. 2d 896, 899 (E.D. Wis. 1998). The interpretation of words or clauses in an insurance policy and the determination of whether coverage exists under that policy are questions of law for the court. *Doyle v. Engelke*, 219 Wis. 2d 277, 284, 580 N.W.2d 245, 248 (Wis. 1998) (citing *Just v. Land Reclamation, Ltd.*, 155 Wis. 2d 737, 744, 456 N.W.2d 570 [Wis. 1990]).

In Wisconsin, the duty to defend an insured "is determined by comparing the allegations of the complaint to the terms of the insurance policy." *Estate of Sustache v. Am. Family Mut. Ins. Co.*, 2008 WI 87, ¶ 20, 311 Wis. 2d 548, 751 N.W.2d 845. The duty is "triggered by the allegations contained within the four corners of the complaint." *Id.* In other words, the duty exists only where, if the allegations were proven, the insurer would be required to pay the judgment. *School Dist. of Shorewood v. Wausau Ins. Cos.*, 488 N.W.2d 82, 87–88 (Wis.1992). Further, where the terms of a policy are unambiguous, courts need not resort to construction or case law to support the plain meaning. *Stuart v. Weisflog's Showroom Gallery, Inc.*, 2008 WI 86, ¶ 20, 311 Wis.2d 492, 753 N.W.2d 448. As to indemnification, that duty is narrower than the duty to defend, thus, where there is no duty to defend there is clearly no duty to indemnify. *See Estate of Sustache*, 2008 WI

87, ¶ 20. It is the insured's burden to prove coverage for a claim. *Kenefick v. Hitchcock*, 522 N.W.2d 261, 264 (Wis. App.1994). However, the insurer has the burden of proving an exception to coverage or that the insured comes within an exclusion. *See Estate of Ermenc. v. American Family Mut. Ins. Co.*, 221 Wis. 2d 478, 481, 585 N.W.2d 679 (Ct. App. 1998).

Section 1 of Accu-Turn's EBL policy covers damages "because of any negligent act, error, or omission of the insured" committed in the "administration" of your "employee benefit program." "Administration" is defined as "counseling employees about employee benefits, handling records connected to the employee benefits plan, and effecting or terminating an employee's participation in a plan included in the 'employee benefits program.'" An "employee benefits program" includes a group health insurance plan.

Travelers focuses on the allegation in the complaint that Accu-Turn returned Just's payment to Just on August 22, 2008, and instructed its insurance carrier to terminate Just's coverage effective August 1, 2008. (Compl. ¶ 14.) Specifically, paragraph 15 reads: "As a result of Accu-Turn's refusal to accept Just's August payment ...." Because there was a deliberate decision by Accu-Turn, there was no negligent act, error or omission that would trigger coverage pursuant to the plain language of the Insuring Agreement of Accu-Turn's EBL policy.

Negligent acts, errors or omissions are not defined by the policy. Thus, Travelers relies on *DeSantis Enterprises, Inc. v. American and Foreign Ins. Co.*, 541 A.D.2d 859, 661 N.Y.S. 92 (N.Y. App. Div. 1997), where the court held that an employer's termination of employee benefits after seeking the advise of legal advisors was an intentional act not an oversight. Additionally, in *International Ins. Co. v. Allied Van Lines, Inc.,* 293 Ill. App. 3d

513, 688 N.2d 680, 227 Ill. Dec. 987 (Ill. App. 1997), an Illinois appellate court held that the complaint asserting a violation of the ADEA alleged losses due to an intentional termination of the plaintiff's employment rather than any negligent act, error, or omission. Neither case involved a failure to send a notice.

While focusing on the first cause of action and the act of refusing payment, Travelers ignores the second cause of action charging failure to issue an Initial Notice to Just and his covered spouse regarding COBRA rights within 90 days of his Plan Enrollment date. (Compl. ¶¶ 23, 25.) The third cause of action alleges that the Continuation Coverage Election Notice provided by Accu-Turn to Just on June 6, 2008, did not meet the standards set forth in the Department of Labor Regulation § 2590.606-(4)(b)(4) for the content of a COBRA Election Notice. (Compl. ¶ 30.) Neither the second nor the third causes of action accuse Accu-Turn of acting intentionally or refusing to send the required notices. Consequently the court finds that the allegations of the complaint trigger an initial grant of coverage. However, the analysis does not end here as it is also necessary to determine whether the exclusion (g) of the EBL policy precludes coverage.

The policy excludes losses "because of liability imposed on a fiduciary by the Employee Retirement Security Act of 1974 . . . ." This language is unambiguous. It does not exclude all ERISA claims and it does not exclude all claims arising from a breach of a fiduciary duty. Rather, it excludes losses arising from a liability imposed on a fiduciary by ERISA.

In opposition to summary judgment, Accu-Turn submits that the claims are brought under COBRA and not ERISA. Travelers cites the many references to ERISA in the complaint. For example, paragraph 3 alleges that "the claims of Just arise under ERISA"

7

and paragraph 6 alleges that Accu-Turn is the plan administrator of the Accu-Turn, Inc. Group Health Plan. The first cause of action asserts that ERISA authorizes a civil action by a participant or a beneficiary to recover benefits due under the terms of an ERISA plan or to enforce rights under an ERISA plan. The second cause of action references the statutory penalties under ERISA of $110 per day for failure to provide initial notice on a timely basis. Similarly, the third cause of action references the $110 per day penalty under ERISA § 502(c)(1)(A), 29 U.S.C. § 1132(c)(1)(A) for failure to provide a COBRA Election Notice in a timely manner.

Accu-Turn's attempt to distinguish a COBRA claim from ERISA is further undermined by the statutory framework. COBRA amended ERISA to obligate employers whose health plans are covered by ERISA to offer continuation coverage to employees for at least eighteen months after a "qualifying event." *Kenseth v. Dean Health Plan, Inc.*, 610 F.3d 452, 469 n.7 (7th Cir. 2010); 29 U.S.C. § 1162(2)(A). Termination of a covered employee's job is a qualifying event if for reasons other than the employee's gross misconduct. *Id*. § 1163(2). After an employee is terminated, the employer has 30 days to notify the plan administrator of the qualifying event. *Id.* § 1166(a)(2). The plan administrator then has 14 days to notify the employee, and any other affected qualified beneficiary, of continuation rights under COBRA. *Id.* § 1166(a)(4), (c). If the employer is the plan administrator, the employer has 44 days to notify the employee of the continuation rights. 29 C.F.R. § 2590.606-4(b)(2).

ERISA defines "plan administrator" as the person so designated by the terms of the plan, the plan sponsor, or such other person as the Secretary of the Department of Labor ("DOL") may prescribe by regulation. 29 U.S.C. § 1002(16)(A). "Plan sponsor" includes

"the employer in the case of an employee benefit plan established or maintained by a single employer." *Id.* § 1002(16)(B). The plan sponsor has the duty to notify employees of their right to elect continuation coverage. *Id.* § 1161(a). Employees must elect to continue coverage under the employer's group health plan before the election period ends. A participant has 60 days to elect continuation coverage, starting from the later of (1) the date of the qualifying event, or (2) the date the participant receives notice under § 1166(a)(4) of their right to continue coverage. *Id.* § 1165(a)(1).

In addition, ERISA authorizes civil suits by plan participants to enforce rights under the terms of the plan, recover benefits due, and redress violations of the Act. 29 U.S.C. § 1132(a). A plan administrator that fails to meet the notice requirements under COBRA "may in the court's discretion be personally liable to such participant or beneficiary in the amount of $100 a day from the date of such failure or refusal." *Id.* § 1132(c)(1). Moreover, the court has discretion to award reasonable attorney's fees and costs to either party. *Id.* § 1132(g). Hence, ERISA provides the statutory framework for a COBRA claim.

Alternatively, Accu-Turn asserts that the policy exclusion distinguishes between the insured and the fiduciary and that, in this case, Accu-Turn is the insured. Section 2(g) excludes "loss for which the insured is liable because of liability imposed on a fiduciary by the Employee Retirement Security Act of 1974, as now or hereafter amended." There may be cases where the insured experiences loss because of liability imposed on a separate fiduciary under ERISA. However, the policy exclusion does not require that the fiduciary be a separate entity. The EBL policy defines the "insured" to include "each of your partners, executive officers and employees who is authorized to administer your 'employee benefits program.'"

9

The court turns back to the policy language, which excludes liability imposed on a fiduciary. ERISA defines a fiduciary as one who "exercises any authority or control respecting management or disposition of its assets," "renders investment advice for a fee," or "has any discretionary authority or discretionary responsibility in the administration of such plan." 29 U.S.C. § 1002(21)(A). ERISA's fiduciary provisions are not premised on nomenclature or official appointment. Susan D. Serota and Frederick A. Brodie, *ERISA Fiduciary Law* 12-13 (2d Ed. 2006).

A plan administrator will be an ERISA fiduciary if the position requires the plan administrator to exercise discretionary authority and responsibility. I.M. Golub and Robert K. Chevlowe, *2012 COBRA Handbook* § 8.05 Fiduciary Liability Under ERISA (2012). Couch on Insurance instructs that the plan administrator has a fiduciary duty to send a COBRA notice. 1A Lee R. Russ and Thomas F. Segalla, *Couch on Insurance* § 7.54 (3d Ed. 2011). Also, in *Carner v. MGS-576 5th Ave, Inc.,* the court held that the employer as the plan administrator failed to provide the required COBRA notice and, therefore, breached its fiduciary duty by preventing or interfering with the receipt of benefits to which the plaintiff was entitled. 992 F Supp. 340 (S.D.N.Y. 1998).

The Seventh Circuit Court of Appeals has held that the duty to disclose material information is the core of a fiduciary's duty. *Kenseth v. Dean Health Plan, Inc.*, 610 F.3d 452, 466 (7th Cir. 2010). Admittedly, Seventh Circuit case law finding a breach of fiduciary duty has involved more than the failure to provide the COBRA notice. In *Bowerman v. Wal-Mart Stores, Inc.*, 226 F.3d 574, 591 (7th Cir. 2000), the employer failed to advise the employee of the need for COBRA coverage and to properly inform her of the connection between a break in service and preexisting conditions. The Seventh Circuit distinguished

10

a second line of cases beginning with *Frahm v. Equitable Life Assur. Soc. of U.S.*, 137 F.3d 955, 958-60 (7th Cir. 1998), which absolve a fiduciary of liability for negligent misrepresentations made by an agent of the plan to a plan participant where the plan documents are clear and the fiduciary has taken reasonable steps to avoid errors.

In this case, there is no dispute that Accu-Turn is the plan administrator, that the plan administrator allegedly failed to send the proper notices under COBRA, and the plan administrator allegedly refused payment. Travelers had the burden of demonstrating that the exclusion applies, and met that burden. Accu-Turn came forward with no evidence that it acted as plan administrator but not a fiduciary when advising or failing to advise Just of his rights under COBRA and refusing payment. Because the exclusion applies, there can be no duty to defend or indemnify. Now, therefore,

IT IS ORDERED that Travelers Indemnity Company of America's motion for summary judgment is granted.

IT IS FURTHER ORDERED that the parties appear for a status conference on Friday, May 11, 2012, at 2:00 PM in Courtroom 222.

Dated at Milwaukee, Wisconsin, this 28th day of March, 2012.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
CHIEF U. S. DISTRICT JUDGE