UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

---

THOMAS J. JUST,

        Plaintiff,

        v.                                          Case No. 09-C-0181

ACCU-TURN, INC.,

        Defendant Third-Party Plaintiff,

        v.

DAVID INSURANCE AGENCY, INC. and
WESTPORT INSURANCE CORPORATION,

        Third Party Defendants.

---

DECISION AND ORDER DENYING JUST'S RULE 59(E) MOTION FOR RECONSIDERATION (DOC. 100), GRANTING ACCU-TURN'S MOTION TO ALTER OR AMEND JUDGMENT (DOC. 94), AND DENYING ACCU-TURN'S RULE 59(e) MOTION FOR ATTORNEY'S FEES (DOC. 95).

On June 25, 2013, this court conducted a hearing on cross-motions for summary judgment. At that time, the court raised its concerns regarding the evidence submitted by Thomas Just in support of his motion. Just's counsel conceded that he had no personal knowledge of the underlying facts referenced in a letter prepared by his firm, that he had not verified whether Exhibit B was the document asserted, and that the single page from the corporate tax return was not authenticated. When Just's counsel was asked whether he had demonstrated entitlement to summary judgment, he responded "not at the present time based on the court's concerns." Afterward, the court granted the request of Just's counsel to withdraw plaintiff's motion for summary judgment.

Turning to motions filed by defendants, the court began with the parties' stipulation that Accu-Turn as an entity never had more than 20 employees. After hearing arguments,

the court issued its written decision granting defendants' motions for summary judgment on the ground that Just did not establish that Accu-Turn was subject to COBRA. Now, Just asks this court to reconsider its decision and order granting Accu-Turn's motion for summary judgment, granting the summary judgment motions of David Insurance and Westport Insurance, and dismissing this case. On the other hand, Accu-Turn seeks clarification regarding the status of its third-party state law claims. Lastly, Accu-Turn asks the court for an award of attorney's fees. For the reasons set forth below, the court will deny Just's motion to reconsider, amend the judgment and decline Accu-Turn's request for attorney's fees.

A movant seeking relief under Rule 59(e) must demonstrate a manifest error of law or fact or present newly discovered evidence. *Boyd v. Tornier, Inc.*, 656 F.3d 487, 492 (7th Cir. 2011). "This rule enables the court to correct its own errors and thus avoid unnecessary appellate procedures." *Miller v. Safeco Ins. Co. of Am.*, 683 F.3d 805, 813 (7th Cir. 2012) (internal quotation marks and citation omitted). Whether to grant or deny a Rule 59(e) motion "is entrusted to the sound judgment of the district court." *Id.*

Just asserts that the court committed manifest errors of law by failing to (1) view the evidence presented in the light most favorable to the non-moving party, (2) determine that the exhibits attached to the Affidavit of Shawn M. Govern in opposition to summary judgment would be admissible at trial, if authenticated, (3) determine that his employer, Accu-Turn, did not meet its burden of proof that it is not subject to COBRA based upon the existence of a control group that includes Accu-Turn and could have more than twenty employees, and (4) determine that Accu-Turn was estopped from asserting that it was not

2

subject to COBRA, when it represented to him between May 2008, and November 2009, that it was subject to COBRA and provided benefits to him.

The plain language of Rule 56(c) mandates the entry of summary judgment after adequate time for discovery and a motion against a party who fails to make a showing sufficient to establish the existence of an essential element to the party's case on which that party bears the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). After Just withdrew his motion for summary judgment, defendants were entitled to summary judgment if Just as plaintiff failed to establish that Accu-Turn was an employer within the meaning of COBRA. COBRA rules do not apply to employers with "fewer than 20 employees on a typical business day during the preceding calendar year," 29 U.S.C. § 1161(b), and, with due regard for this requirement, Accu-Turn presented evidence that it never had more than 19 employees.

Nevertheless, Just asserts that Accu-Turn must establish that it is *not* part of a controlled group with more than twenty employees. But, he did not make this argument in his underlying motion, and now cites an unpublished case from the Southern District of New York, which states that "[a]bsent any definitive evidence of the number of employees employed during 1990 by all the employers maintaining the Health Plan, it cannot be held that plaintiffs' COBRA claim is barred by the exemption for small employers." *Silver v. I. Goldberg & Partners, Inc.*, No. 92 Civ. 6989 (MBM), 1994 WL 392187, *3 (S.D.N.Y. Jul. 28, 1994). Just argues that "[i]t is sensible to place the burden of proof of an affirmative defense on the defendant, rather than making the plaintiff prove a negative." *See James River Ins. Co. v. Kemper Cas. Ins. Co.*, 585 F.3d 382, 385 (7th Cir. 2009).

3

A district court in the Western District of Wisconsin reached the opposite conclusion. There, the court held that plaintiff must establish the essential element of his claim, and in particular, that the employer qualifies as an employer under COBRA. *Winchel v. Associated Training Services Corp.*, No. 99-816, 2000 WL 34229421, at \*4 (W.D. Wis. Aug. 30, 2000). "Without properly proposed facts establishing that defendant Associated Training and related corporations constitute a controlled group under 26 U.S.C. § 1563(a)(2) or that defendant Associated Training has the requisite number of employees, plaintiff cannot raise a triable issue of fact on his claim . . ." *Id*. The *Winchel* case treats the question of whether Accu-Turn qualifies as an employer under COBRA as an essential element of the Just's claim. In addition, the United States Supreme Court in *Arbaugh v. Y& H Corp.* determined that the numerical threshold in a Title VII case is not jurisdictional but rather an element of the plaintiff's claim for relief. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 516, 126 S. Ct. 1235, 1238 (2006).

To show that Accu-Turn was part of a controlled group employing twenty or more employees, Just relied on several exhibits that he believes the court erroneously disregarded Exhibit A, identified as a single page of the Accu-Turn 2006 tax return and Exhibit B, identified as the Seater Group 401K/Pension statement from Johnson Bank. However, Just's counsel acknowledged that neither exhibit was properly authenticated.

In evaluating a summary judgment motion, the court may consider as evidence properly authenticated and admissible documents or exhibits. *Scott v. Edinburg*, 346 F.3d 752, 760 n. 7 (7th Cir. 2003); *Woods v. City of Chicago*, 234 F.3d 979, 988 (7th Cir. 2001). To be admissible, documents must be authenticated by an affiant through whom the exhibits could be admitted into evidence. *Article II Gun Shop, Inc. v. Gonzales*, 441 F.3d

4

492, 496 (7th Cir. 2006); *Scott,* 346 F.3d at 760 n. 7. Nevertheless, Just now asserts that it is not necessary for a non-moving party opposing a summary judgment motion to produce evidence in an admissible form as it would at trial. Rather, it is enough that the supporting material could be submitted in a form that, if properly verified and authenticated, "would be admissible at trial." *U.S. v. Two Hundred Twenty Thousand Two Hundred Dollars ($220,200.00) in U.S. Currency*, No. 1:10-CV-404-HJW, 2013 WL 146350, slip op. at *6 (S.D. Ohio Jan. 14, 2013).

Just ignores that this court determined that even if these exhibits had been properly authenticated and were otherwise admissible, he failed to create a genuine issue of material fact on an issue that he must establish at trial. (Doc. 91 at p. 11.) Nothing in the record established the existence of a controlled group with 20 or more employees. Exhibit B, the purported 2007 Seater Group 401K/Pension statement, identified participants in the profit sharing plan and trust. Yet this document did not disclose whether those individuals were employed at a corporation that was part of the controlled group or whether they were retired or persons employed during the year preceding the termination of Just's employment by Accu-Turn. (Doc. 91 at p. 12.) Exhibit A, purportedly, Accu-Turn's 2006 tax return, indicated that Accu-Turn considered itself part of a controlled group of corporations during the preceding year. On the other hand, it does not establish that Accu-Turn was a part of a controlled group of twenty or more employees in 2007, the year preceding Just's qualifying notice claim. Consequently, Just failed to present facts proving that any controlled group had the requisite number of employees under COBRA.

Just maintains that his second declaration, which states that he had personal knowledge that Seater owned several other companies, establishes a genuine issue of

5

material fact. However, as explained in the court's decision, the second declaration failed to set forth when the alleged control group reached the requisite number of employees that would trigger COBRA in the years relevant to Just's claims. Consequently, no reasonable jury viewing this evidence could find that Accu-Turn belonged to a controlled group under COBRA with 20 or more employees. Because a motion for reconsideration is reserved for manifest errors, such relief is not warranted in this case.

Next, Just argues that Accu-Turn is estopped from asserting the small employer exception because Accu-Turn reinstated Just's continuation coverage after his counsel complained to Accu-Turn and never indicated during the course of limited discovery that it would challenge the application of COBRA. However, this record does not support a finding of equitable estoppel. Accu-Turn, through Seater's Declaration, explained that Just, who was president of Accu-Turn at that time, sent out the required employment and insurance coverage notices to employees, as well as those who had been terminated. Also, Seater averred that even though the continuation of coverage form prepared by David Insurance referred to COBRA, Accu-Turn believed that state continuation coverage applied to Just and that Accu-Turn "didn't want to fight about it" after receiving the letter from Just's counsel regarding the matter. Moreover, the continuation form reveals that Just signed under the state continuation coverage election form. Hence, even when this evidence is taken in the light most favorable to the nonmoving party, it still fails to establish that Accu-Turn had knowledge of "true facts" respecting the application of COBRA as required to sustain Just's estoppel claim. *See A.C. Aukerman Co. v. R.L. Chaides Const. Co.,* 960 F.2d 1020, 1041 (Fed.Cir. 1992)*.*

6

Further, Just's reliance on *Arbaugh* is misplaced. There, the Supreme Court held that the numerical threshold of a Title VII claim was an element that could not be challenged after a trial on the merits. *Arbaugh*, 546 U.S. at 504. Only after the jury returned a verdict for the employee did the employer argue that it did not meet the numerical threshold to be treated as an employer under Title VII. *Id*. Because the numerical threshold related to the substantive adequacy of the claim rather than the court's jurisdiction, the employer could not raise the objection defensively late in the lawsuit. *Id*. Here, Accu-Turn objected to the numerical threshold for application of COBRA from the outset of this litigation; it did not wait until after a trial to raise the issue. Notably, Accu-Turn's answer filed on April 1, 2009, denied that Just became subject to COBRA following the commencement of his employment and prior to his termination. (Doc. 6 at ¶ 9.) Similarly, Accu-Turns amended answer filed on July 27, 2012, denied that COBRA applied. Therefore, Accu-Turn timely challenged whether Just could show that he met the COBRA threshold at relevant times and did not engage in any conduct that bars it from asserting that it does not meet the numerical requirement of 29 U.S.C. § 1161(b). Hence, once Accu-Turn raised the issue on summary judgment, it was Just's burden to come forward with evidence that Accu-Turn was an employer within the meaning of the statutes. Having failed to meet its burden, there is no basis for reconsideration of this court's July 8, 2013, decision and order.

That said, the court also concludes there is merit to Accu-Turn's motion to alter and amend the July 8th judgement inasmuch as the previous order and judgment did not make clear that the court was declining to exercise supplemental jurisdiction. Three years after the complaint was filed, Accu-Turn filed third-party claims against David Insurance Agency and Westport Insurance Corporation alleging breach of contract, negligence, declaratory

7

Case 2:09-cv-00181-CNC   Filed 11/20/13   Page 7 of 11   Document 109

judgment for defenses and indemnity, and contribution. (Doc. 37.) Accu-Turn submits that this court should amend its judgment to exclude the third-party claims from the dismissal, and decline to exercise supplemental jurisdiction over the claims.

This court maintained jurisdiction over the state-law claims based on 28 U.S.C. § 1367(a), which extends jurisdiction of federal district courts to all claims that are sufficiently related to the claims on which their original jurisdiction is based to be part of the same case or controversy within Article III of the Constitution. *Wright v. Associated Ins. Co., Inc.*, 29 F.3d 1244, 1250 (7th Cir.1994). Generally, after a federal district court dismisses all federal claims before it, the federal court should "relinquish jurisdiction over pendent state law claims rather than resolving them on the merits." *Wright*, 29 F.3d at 1251. However, there are cases where the balance of factors, including judicial economy, convenience, fairness, and comity, will point a federal district court to decide the state-law claims on the merits. *Id.* One of these circumstances is when it is absolutely clear how the pendent claims can and will be decided. *Id.* "If the district court, in deciding a federal claim, decides an issue dispositive of a pendent claim, there is no use leaving the latter to the state court." *Id.* citing *Mechmet v. Four Seasons Hotels, Ltd.*, 825 F.2d 1173, 1178 (7th Cir. 1987). However, if the "question whether a state-law claim lacks merit is not obvious, comity concerns may dictate relinquishment of jurisdiction." *Id.*

Here, it is appropriate for the court to relinquish jurisdiction over the pendent state law claims. David Insurance and Westport asserts that it is "abundantly clear that Accu-Turn's state law claims should be dismissed on their merits." (Doc. 99 at 2.) However, Accu-Turn argues that its breach of contract, contribution/indemnity, and negligence claims still have merit and that it has incurred damages while acknowledging that the

8

contribution/indemnity claim is subject to dismissal. Without going in-depth regarding the parties' arguments, Accu-Turn was exposed to liability in this lawsuit based on allegations of breach of contract and negligence by David Insurance. As a consequence, Accu-Turn incurred expenses in the form of attorney's fees for legal representation in this lawsuit. Furthermore, this court can not conclude on this record that Accu-Turn's pendent state law claims will fail.

Therefore, it is appropriate for this court to amend the judgment and to clarify that the court declines to exercise supplemental jurisdiction over the third-party claims because all claims over which the court had original jurisdiction have been dismissed. *See* 28 U.S.C. § 1367(c)(3). In doing so, this court is mindful that the Seventh Circuit has recognized that "a district court has the discretion to retain or to refuse jurisdiction over state law claims." *Groce v. Eli Lilly & Co.*, 193 F.3d 496, 500 (7th Cir. 1999).

As a final matter, Accu-Turn seeks an award of attorney's fees in light of the dicision granting its motion for summary judgment. Pursuant to 29 U.S.C. § 1132(g), "[i]n any action under this subchapter . . . by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." An award of fees under the statute is a matter of judicial discretion. *Postma v. Paul Revere Life Ins. Co.*, 223 F.3d 533, 542 (7th Cir. 2000); *Hooper v. Demco, Inc.*, 37 F.3d 287, 293 (7th Cir. 1994).

For a court to award attorney's fees to a litigant, that litigant must prove two considerations. First, the litigant must have obtained "some degree of success on the merits" of a claim under ERISA statutes. *Mondry v. American Family Mut. Ins. Co.*, No. 06-CV-320-bbc, 2010 WL 5094130, at *5 (W.D. Wis. Dec. 10, 2010) (quoting *Hardt v. Reliance Standard Ins. Co.*, 130 S. Ct. 2149, 2158 (2010)). Second, the party must show that the

9

litigation position of the opposing party was "not substantially justified." *Mondry*, 2010 WL 5094130, at *5 (citing *Lowe v. McGraw-Hill Cos.*, 361 F.3d 335, 339 (7th Cr. 2004).

Although Accu-Turn succeeded on the merits, the second prong that must be met is problematic. A position is substantially justified if the losing party had a reasonable or solid basis in law or fact or there was otherwise "special circumstances [that] make an award unjust." *Harris Trust & Sav. Bank v. Provident Life & Accident Ins. Co.*, 57 F.3d 608, 616-17 (7th Cir.1995) (internal citations omitted). A district court may decline to award attorney's fees if it finds that the losing party's position was substantially justified. *Id*. at 617.

Accu-Turn cites a five-factor test used to assist in determining the substantially justified standard. *Lowe*, 361 F.3d at 339. The five factors are: 1) degree of the offending parties' culpability or bad faith; 2) the ability of the offending party to satisfy personally an award of attorneys' fees; 3) whether an award of attorneys' fees would deter other persons under similar circumstances; 4) the amount of benefits conferred on members of the pension plan as a whole; and 5) the relative merits of the parties' positions. *Filipowicz v. American Stores Benefit Plans Comm.*, 56 F.3d 807, 816 (7th Cir.1995). However, the bottom-line question is whether the losing party's position was substantially justified and taken in good faith, or was that party simply out to harass its opponent? *Little v. Cox's Supermarkets*, 71 F.3d 637, 644 (7th Cir.1995) (citing *Hooper*, 37 F.3d at 294).

With due regard to these factors, this court concludes that this case does not warrant an award of attorney's fees. Accu-Turn terminated Just's COBRA benefits, and later reinstated his benefits. Just then concluded that Accu-Turn failed to comply with certain COBRA notice provisions. (Doc. 82, ¶ 6.) Moreover, he contended that he and his family incurred costs and continued to have medical claims denied based on an erroneous

10

conclusion that there was a lapse in coverage, despite reinstatement of benefits. (Doc. 71 at Ex. 2, ¶ 33.)

Just was unaware before this litigation commenced that Accu-Turn would maintain that it was not subject to COBRA. It appears that he brought this lawsuit in good faith believing that Accu-Turn was, in fact, subject to COBRA, and that Accu-Turn violated the COBRA notice requirements. Just presented several documents suggesting that Accu-Turn was part of a controlled group of 20 or more employees. Even though this court ruled that Just could not survive summary judgment, his position did not amount to an unreasonable litigation stance warranting attorney's fees. Furthermore, Just, who has gone through a bankruptcy proceeding, would have difficulty paying attorney's fees. Also, awarding attorney's fees in this case would deter others from maintaining COBRA notice violations when they believe their employer is subject to COBRA.

Now, therefore,

IT IS ORDERED that Thomas Just's motion for reconsideration (Doc. 100) is denied.

IT IS FURTHER ORDERED that Accu-Turn's motion to amend judgment (Doc. 94) is granted and the court is declining to exercise supplemental jurisdiction over the state law claims, which were not at issue with regard to Accu-Turn's motion for summary judgment.

IT IS FURTHER ORDERED that Accu-Turn's motion for attorney's fees (Doc. 95) is denied.

Dated at Milwaukee, Wisconsin, this 20th day of November, 2013.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
U. S. DISTRICT JUDGE